**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF LOUISIANA**

**RaNijia Z. Harris**, Plaintiff,

v.

**Emerson Electric Co. d/b/a Automation Solutions, Instrument & Valve Service Company**, Defendant.

Civil Action No.: _____ Judge: _____

**COMPLAINT**

Plaintiff, **RaNijia Z. Harris**, respectfully files this Complaint against Defendant **Emerson Electric Co.**, also known as Automation Solutions & Instrument Valve, and states as follows:

## I. JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and the Equal Pay Act (EPA).

2. Jurisdiction is proper under 28 U.S.C. § 1331 because Plaintiff asserts claims arising under federal law.

3. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Gonzales, Louisiana, where Defendant conducts business and where Plaintiff was employed.

## II. PARTIES

4. Plaintiff **RaNijia Z. Harris** is an African American woman residing in Baton Rouge, Louisiana.

5. Defendant **Emerson Electric Co.**, doing business as Automation Solutions, Valve & Instrument, is a corporation operating in Gonzales, Louisiana, and is an employer within the meaning of Title VII, the ADA, the FMLA, and the EPA.

## III. PROCEDURAL HISTORY

6. Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission, Charge No. **461-2025-02678**. (Exhibit A)

7. Plaintiff signed her EEOC Charge on **December 2, 2025**.

8. On **December 4, 2025**, the EEOC issued a Determination and Notice of Rights informing Plaintiff of her Right to Sue. (Exhibit B)

9. Plaintiff files this lawsuit within **90 days** of receiving her Notice of Right to Sue.

## IV. STATEMENT OF FACTS

### Employment Background

10. Plaintiff began her employment with Defendant in **March 2024** as a Quality Inspector.

11. Plaintiff consistently performed her job duties satisfactorily.

12. Plaintiff was subjected to disparate treatment in overtime, work assignments, and advancement opportunities compared to similarly situated white male employees.

13. Plaintiff's overtime was capped at 40 hours, while white male employees regularly worked 60–70 hours with overtime pay.

14. Plaintiff was denied promotions and advancement opportunities despite being qualified, while less-qualified white male employees advanced.

### Hostile Work Environment

15. Plaintiff was subjected to repeated racial harassment, including derogatory comments about her appearance, braids, eyelashes, and skin tone.

16. A coworker repeatedly referred to Plaintiff as "Kamala Harris" in a mocking and racialized manner.

17. Other coworkers joined in, repeating the nickname and making political jokes targeting Plaintiff's race and gender.

18. Supervisors openly engaged in political ridicule mocking Democrats in Plaintiff's presence, ignoring her objections.

19. Plaintiff reported the harassment to HR, but Defendant failed to take corrective action.

20. The harassment was severe, pervasive, and interfered with Plaintiff's ability to perform her job.

21. Plaintiff experienced emotional distress, anxiety, and trauma-related symptoms as a result.

### Workplace Safety Issues and Physical Harm

22. Plaintiff was physically struck by a metal object thrown by a coworker.

23. Plaintiff reported the incident in writing, but Defendant failed to investigate or discipline the employee.

### Sensorineural Hearing Loss (SNHL) and Medical Treatment

24. In April 2024, Plaintiff began treatment with **Dr. Benjamin Walton, MD**, at LENTS in Baton Rouge, Louisiana.

25. Plaintiff sought treatment for ear pain, vertigo, migraines, neck pain, and difficulty hearing.

26. After evaluation and diagnostic testing, Dr. Walton diagnosed Plaintiff with **Sensorineural Hearing Loss (SNHL)** in her right ear, a permanent and irreversible form of inner-ear damage. (Exhibit C)

27. SNHL substantially limits major life activities including hearing, balance, communication, concentration, and working in environments requiring auditory awareness.

28. Dr. Walton informed Plaintiff that her symptoms were consistent with prolonged exposure to high-decibel industrial noise, such as the noise generated by the lathe machine near Plaintiff's workstation.

29. The lathe machine produced continuous, excessive noise levels capable of causing permanent auditory damage.

30. Defendant failed to provide adequate hearing protection, noise-mitigation measures, or safe distancing from the machine.

31. Plaintiff repeatedly reported the noise and her symptoms, but Defendant ignored her concerns.

**FMLA Request and Retaliatory Termination**

32. As Plaintiff's symptoms worsened, she submitted **FMLA paperwork** for medical leave related to SNHL, vertigo, migraines, and neck pain.

33. Within days of submitting her FMLA documentation, Plaintiff was terminated.

34. The timing of Plaintiff's termination demonstrates retaliation for engaging in protected activity.

35. Defendant interfered with Plaintiff's right to take protected medical leave and retaliated against her for requesting accommodations and reporting discrimination.

## V. CLAIMS FOR RELIEF

**Count I – Race Discrimination (Title VII)**

36. Defendant subjected Plaintiff to disparate treatment in overtime, promotions, and workplace conditions because of her race.

**Count II – Hostile Work Environment (Title VII)**

37. Defendant allowed persistent racial harassment and derogatory name-calling.

38. Defendant failed to take corrective action.

39. The conduct was severe, pervasive, and altered the conditions of Plaintiff's employment.

## Count III – Retaliation (Title VII)

40. Plaintiff engaged in protected activity by reporting discrimination.

41. Defendant retaliated by increasing scrutiny, denying opportunities, and terminating Plaintiff.

## Count IV – Disability Discrimination (ADA)

42. Plaintiff's SNHL, vertigo, migraines, and neurological symptoms constitute disabilities under the ADA.

43. Defendant failed to provide reasonable accommodations.

44. Defendant terminated Plaintiff because of her disability and/or her request for accommodations.

## Count V – FMLA Interference and Retaliation

45. Plaintiff submitted FMLA paperwork for medically documented conditions.

46. Defendant interfered with Plaintiff's right to take protected leave.

47. Defendant terminated Plaintiff in retaliation for exercising her FMLA rights.

## Count VI – Equal Pay Act Violations

48. Plaintiff was denied overtime and paid less than similarly situated male employees performing substantially equal work.

## VI. DAMAGES

Plaintiff seeks:

- Back pay and lost wages
- Front pay
- Compensatory damages for emotional distress
- Damages for physical injury, including SNHL
- Punitive damages
- Attorney's fees and costs
- Any other relief the Court deems just and proper

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VIII. EXHIBITS

- **Exhibit A:** EEOC Charge of Discrimination

- **Exhibit B:** EEOC Determination and Notice of Rights

- **Exhibit C:** Medical Documentation (SNHL Diagnosis)

- **Exhibit D:** FMLA Medical Certification

- **Exhibit E:** Workplace Incident Report Email

**Respectfully submitted,**

**RaNijia Z. Harris** 16354 Mockingbird Ln Baton Rouge, LA 70819 Phone: 225-407-8775
Email: ranijiaharris0@gmail.com

2/24/26